## STOCKTON *v.* GARFRIAS.

Where defendant conveyed by deed, to plaintiff, a tract of land, and there was subsequently a dispute between the parties respecting the boundary line of the land so conveyed, and the parties subsequently made an agreement fixing the line ; *Held,* That in an action of trespass by the plaintiff against the defendant, for cutting timber upon the land previous to such agreement, the defendant was not estopped by the agreement in showing title in himself previous thereto.    It was competent for the defendant to show that the deed did not embrace the *locus in quo.*

The agreement would not retroact so as to show that to be a trespass which at the time was lawful.

*Held,* in such case, it was error in the Court to instruct the jury, that the delivery of the deed and the cutting of firewood on the tract was sufficient evidence of possession.    The cutting of timber, by itself, was neither possession or title as against the owner.

APPEAL from the First District, County of Los Angeles.

The facts sufficiently appear in the opinion of the Court.

*George Cadwalader* for Appellant.

*P. L. Edwards* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was trespass for entering upon the plaintiff's land and cutting timber.    There was no proof that the plaintiff was in the *actual* possession of the spot of land alleged to be trespassed on at the time of

the trespass.    The plaintiff had bought the land of the defendant, and by a survey made of the premises, it was ascertained (or is asserted) that the lines of plaintiff's tract, as given by the deed, did not embrace *this* land.    But the plaintiff attempted to show that a few days before the suit was brought, but after the trespass complained of, the plaintiff and defendant agreed that the line was such as to embrace this land. The whole question of fact was whether the cutting of the timber was on the land of the plaintiff or not.    It was contended by the defendant that it was not; that the deed did not comprehend the *locus in quo;* and some evidence by the Surveyor and others was given, tending to show that the spot was not within the deed.    How the fact is we cannot say; but that matter was a question peculiarly for the jury.    If the deed did not, by its terms, include this tract, or if the terms of the deed were ambiguous, it is not impossible that the boundary lines may have been properly settled by agreement, or that the admission of the defendant may have been proper proof of their location.    But, conceding this, it is clear that this agreement, if made, did not estop the defendant from showing title in himself previously to the agreement. It was competent for him to show that by the deed the property was not that of the plaintiff; that is, that the deed of the defendant did not embrace the *locus in quo;* and, though the plaintiff might show that, by agreement, the lines were settled, this agreement would not retroact so as to show that to be a trespass which at the time was lawful.

The Court erred in instructing the jury, under the circumstances, that the delivery of the deed and the cutting of firewood on the tract was sufficient evidence of possession; for the very question was, whether the premises in dispute were within the lines of the deed, so that the delivery of the deed would carry the title to such premises. The cutting of timber, by itself, of course, is neither possession or title —certainly not as against the owner, as the defendant claimed to be— and as, perhaps, if his construction of the deed were right, he was at the time of the asserted trespass.

The judgment is reversed and cause remanded.